**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prentis Horus Bey,<br><br>    Plaintiff,<br><br>vs.<br><br>Hugh E. Hegyi,<br><br>    Defendant. | No. CV 14-1645-PHX-JAT<br><br>**ORDER** |

Plaintiff has moved to proceed in forma pauperis. The Court has concluded that Plaintiff's complaint should be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Therefore, the Court will do so in this order.

**I.     Legal Standards**

**A.     28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

### B.    Rule 8, Federal Rules of Civil Procedure

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

...

... In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los Angeles*, 216 F.3d 837, 840-41 (9th Cir. 2000).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-3 (D. Ariz. 2005).

## II.   Analysis

In this case, Plaintiff's entire complaint is as follows: "Delegation of Authority Order has not been verified. I request to see verified D.O.A.O." Doc. 1 at 1. The Court finds this fails to meet the pleading standard of Rule 8. Accordingly, the complaint will be dismissed.

## III.   Leave to Amend

If Plaintiff could cure the deficiencies in the complaint by an amendment, this Court should grant leave to amend. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Here, the Complaint is so deficient, it is difficult for the Court to even speculate about what additional facts Plaintiff might allege.

However, in the attachment to the Complaint at page 2, Plaintiff attaches a letter that he wrote to Defendant which indicates that Defendant is a Superior Court Judge in Arizona. Doc. 1 at 2. Generally, judges are immune from suit for decisions made in the judge's judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Here, it appears Plaintiff is suing a Superior Court Judge in his official capacity; thus, the Judge would be entitled to immunity. Accordingly, this Court will not grant leave to amend because any amendment

would be futile. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir.1988) (per curiam).

**III.   Conclusion**

Based on the foregoing,

**IT IS ORDERED** Plaintiff's request to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that the Complaint in this case is dismissed pursuant to 28 U.S.C. § 1915 and the Clerk of the Court shall enter judgment accordingly.

DATED this 4th day of August, 2014.

James A. Teilborg
Senior United States District Judge